UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Pannee Leitch McMackin,

          Plaintiff

v.

Scott Campbell,

          Defendant

Case No. 2:23-cv-00640-CDS-NJK

**Order Remanding Case to State Court and Denying as Moot Motion for Leave to Proceed In Forma Pauperis**

[ECF No. 1]

      Pro se defendant Scott Campbell seeks to remove this landlord-tenant dispute from state court to this court. ECF No. 1-1. He also moves for leave to proceed in this case in forma pauperis. ECF No. 1. Campbell asserts that his counterclaims for violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692), the Truth in Lending Act (15 U.S.C. § 1601), and the Fair Credit Reporting Act (15 U.S.C. § 1681) are proper bases on which to remove this case to federal court. ECF No. 1-1 at 4. Although he does not attach the state-court complaint to his filings, his statement of facts indicates that the underlying claims involve plaintiff Pannee Leitch McMackin's eviction of Campbell from a property. *Id.* at 3. Campbell maintains that removal is proper "so that [his] federal constitutional and statutory claims can be addressed[.]" *Id.* And he states that "[v]enue is proper in this [c]ourt . . . because the U.S. District Court for the Central District of Nevada is the federal judicial district embracing the Superior Court of the State of California for the County of Los Angeles where the underlying proceedings were originally filed."[1] *Id.* at 2.

---

[1] I note that there is only one federal district court in Nevada: the U.S. District Court, District of Nevada. There is no "central district" federal court in Nevada.

Counterclaims sounding in federal law cannot serve as independent bases for removal. "For both removal and original jurisdiction, the federal question must be presented by the plaintiff's complaint as it stands at the time of removal." *Redev. Agency of City of San Bernardino v. Alvarez*, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) (citing *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998)). "Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question." *Id.* (citing *Metro Ford Truck Sales*, 145 F.3d at 320). "This principle applies, regardless of whether that counterclaim or cross-claim is filed in state or federal court; to hold otherwise would allow defendants to determine the removability of a case." *Id.* (citing *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). So because the underlying dispute involves issues of state law only, this court does not have subject-matter jurisdiction over the case.

## Conclusion

IT IS THEREFORE ORDERED that this case is remanded to the state court where it was initially filed.

IT IS FURTHER ORDERED that Campbell's motion for leave to proceed in forma pauperis **[ECF No. 1] is DENIED** as moot.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **CLOSE THIS CASE**.

DATED: April 26, 2023

_____
Cristina D. Silva
United States District Judge